UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVANIA WISDOM, on behalf of herself,
individually, and on behalf of all others similarly-situated,

                        Plaintiff,

    -against-

RED CRAB LONG ISLAND INC., and JOYCE WANG,
individually,

                        Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Docket No.: 21-cv-1375

**Jury Trial Demanded**

      Plaintiff, DAVANIA WISDOM, on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against RED CRAB LONG ISLAND INC. ("Red Crab"), and JOYCE WANG, individually ("Wang"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652, 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which

1

the spread of hours exceeds ten, NYLL § 652(1), 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Nassau County restaurant and one of its owners / its day-to-day overseer - - as a bartender from August 11, 2019 until March 9, 2020. As described below, throughout Plaintiff's employment, Defendants failed to pay her the overtime wages lawfully due to her under the FLSA and the NYLL and the minimum wages due under the NYLL. Specifically, Defendants routinely required Plaintiff to work beyond forty hours in a workweek but paid her at her straight-time rate of pay - - which fell below New York's minimum wage for most of her employment - - for all hours worked, and thus failed to pay Plaintiff at the rate of one and one-half times her regular rate, or one and one-half times the minimum wage rate, if greater, for any of the hours that Plaintiff worked in a week in excess of forty.

3. Defendants further violated the NYLL and the NYCRR by failing to provide Plaintiff with: spread-of-hours pay during many occasions when her workday exceeded ten hours from start to finish, and even on those occasions when they did provide Plaintiff with spread-of-hours pay, failing to do so at the correct minimum wage rate; an accurate wage statement on each payday; and any wage notice at her time of hire, let alone an accurate one, and let alone one that set forth Defendants' intention to claim a tip credit against Plaintiff's wages.

4. Defendants paid and treated all of their non-managerial front-of-the-house employees - - such as bartenders, bar backs, wait staff, and food runners - - in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under New York law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Red Crab was and is a New York corporation with its principal place of business located at 294 Sunrise Highway, Rockville Centre, New York 11570.

11. At all relevant times herein, Defendant Wang was and is an owner of Defendant Red Crab. In this role, Wang was and is responsible for overseeing all of the day-to-day operations of Red Crab, including managing all of Red Crab's employees, and including all matters with respect to determining employees' rates and methods of pay and hours worked, distributing work duties, the hiring and firing of employees, and for maintaining employment records, including all of those matters with respect to Plaintiff.

12. At all relevant times, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA with the possible exception of during the COVID-19 pandemic, Defendant Red Crab's qualifying annual business exceeded and exceeds $500,000.00, and at all times, Red Crab was and is engaged in interstate commerce within the meaning of the FLSA, as it has employed two or more employees, has operated a business that purchases and sells numerous products that have moved across state lines, such as food, soft drinks, alcoholic beverages, and condiments, and that has accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Defendant Red Crab to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial front-of-the-house employees of Defendants, who during the applicable FLSA limitations period, performed any work as bartenders, barbacks, waitstaff, or food runners, or in another similar position, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial front-of-the-house employees of Defendants, who during the applicable NYLL limitations period, performed any work for Defendants in New York as bartenders, barbacks, waitstaff, or food runners, or in another similar position ("Rule 23 Plaintiffs").

<u>Numerosity</u>

19. During the applicable NYLL limitations period Defendants have employed, in total, at least forty employees who are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

20. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Defendants failed to provide Rule 23 Plaintiffs with proper notice of their intention to claim a tip credit against their wages and thereby paid them below the minimum wage; (4) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (5) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours

6

worked in excess of forty in a week; (6) whether Defendants failed to pay the Rule 23 Plaintiffs spread-of-hours pay when their workdays exceeded ten hours from start to finish; (7) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage statement on each payday containing the information required by NYLL § 195(3); (8) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (9) whether Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial front-of-the-house workers  in New York and Defendants did not: provide them with proper notice of their intention to claim a tip credit against their wages and thereby paid them below the statutory minimum; properly pay them overtime at a rate of one and one-half times their regular rates of pay, or one and one-half the minimum wage rate, if greater, for all hours worked over forty in a week; and/or pay them spread-of-hours pay when their workdays exceeded ten hours from start to finish - - either at all, or at the correct statutory rate; and/or provide them with an accurate wage statement on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs

enjoy the same statutory rights under the NYLL to receive: at least the minimum wage rate for all hours worked; overtime wages at the rate of time and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each week over forty; spread-of-hours premium pay when working shifts spanning over ten hours from beginning to end; an accurate wage statement on each payday; and an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

Adequacy

22.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff at least at the statutory minimum wage rate for all hours worked, pay Plaintiff overtime at a rate of one and one-half times her regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all of her hours worked over forty in a week, pay Plaintiff spread-of-hours pay at the correct statutory rate when her workday exceeded ten hours from start to finish, furnish Plaintiff with an accurate wage statement on each payday, or furnish Plaintiff with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former

employees whom Defendants have subjected to the treatment alleged herein.

23. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any non-managerial front-of-the-house employee of Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

27. Defendant Red Crab is a New York corporation that operates a seafood restaurant located at 294 Sunrise Highway, Rockville Centre, New York.

28. Defendant Wang is one of Defendant Red Crab's owners and is its primary day-to-day manager, who oversees the daily operation of the restaurant and who controls the terms and conditions of employment for all of its employees, in that she has and exercises the power to hire and fire all employees, supervises and controls employee work schedules, determines the rate and method of wages paid to all employees, and is responsible for maintaining employment records. To that end, Wang personally hired Plaintiff, set Plaintiff's rate of pay, supervised her work, determined her weekly schedule, maintained her employment records, and terminated her employment.

29. On or around August 11, 2019, Defendants hired Plaintiff to work as a bartender. In this role, as her title suggests, Plaintiff's primary duties consisted of working at the bar, taking customers' orders, serving drinks to customers, and maintaining the bar's stock and cleanliness. Plaintiff worked for Defendants in that role until WHEN.

30. At no point during Plaintiff's employment, either at hire or at any time thereafter, did Defendants provide Plaintiff with notice, either in writing or verbally, of their intention to claim a tip credit against Plaintiff's wages.

31. From August 11, 2019 until on or around March 9, 2020, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, without any scheduled or uninterrupted breaks, as follows:

   a. Mondays and Wednesdays: 12:00 p.m. to 5:00 p.m., or 5:00 p.m. to 12:00 a.m.;

   b. Thursdays through Saturdays: 12:00 p.m. to 12:00 a.m.; and

   c. Sundays: 12:00 p.m. to 5:00 p.m.

Thus, at all relevant times, Defendants required Plaintiff to work, and Plaintiff did in fact generally work, between fifty-one and fifty-five hours per week.

32. Throughout Plaintiff's employment, Defendants paid Plaintiff at an hourly rate, which from the start of her employment on August 11, 2019, until October 15, 2019, was $13.00 per hour, and thereafter, from October 16, 2019, until the end of her employment on March 9, 2020, was $10.00 per hour.

33. At no time during her employment did Defendants pay Plaintiff overtime compensation of one and one-half times her regular rate of pay, or one and one-half times the minimum wage, if greater, for any of her hours worked in a week in excess of forty.

34. Additionally, beginning October 16, 2019 and continuing through the end of her employment, Defendants failed to pay Plaintiff at least at the applicable minimum wage rate under New York law for any of her hours worked.

35. By way of example, from November 3 through November 9, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without being permitted to take a scheduled or uninterrupted break during any day:

>Sunday, November 3, 2019: 12:00 p.m. to 5:00 p.m.;
>
>Monday, November 4, 2019: 12:00 p.m. to 5:00 p.m.;
>
>Tuesday, November 5, 2019: off;
>
>Wednesday, November 6, 2019: 12:00 p.m. to 5:00 p.m.;
>
>Thursday, November 7, 2019: 12:00 p.m. to 12:00 a.m.;
>
>Friday, November 8, 2019: 12:00 p.m. to 12:00 a.m.; and
>
>Saturday, November 9, 2019: 12:00 p.m. to 12:00 a.m.

Thus, Plaintiff worked a total of fifty-one hours during this week. In exchange, Defendants paid Plaintiff at her regular rate of $10.00 for all hours worked, including the eleven hours that she worked in excess of forty.

36. In addition, Defendants frequently required Plaintiff to work shifts that exceeded ten hours from start to finish, including three days during the week of November 3 through November 9, 2019, as described in the paragraph above, yet for those days, Defendants failed to pay Plaintiff with any portion of an additional hour's pay, let alone at the full applicable New York minimum wage rate. On some occasions, while Defendants did compensate Plaintiff with a portion of her spread-of-hours pay, they did so at a rate that was below the applicable minimum wage rate.

37. Defendants paid Plaintiff on a weekly basis by check.

38. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, her regular or overtime rates or her spread-of-hours wages due.

39. Additionally, Defendants did not provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*: Plaintiff's rate of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed - - including, specifically, allowances for claiming a tip credit to reduce her hourly wages below the statutory minimum rate; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

40. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

43. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

49. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

52. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

59. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to pay at the minimum wage rate required by the NYLL and the NYCRR for all hours worked.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

63. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

64. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with spread of hours pay on each day when their spread of hours exceeded ten.

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to receive one hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

15

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of the NYLL's and the NYCRR's spread of hours requirements.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

70. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage statements, let alone wage statements that accurately contained all of the criteria that the NYLL requires.

71. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday after each violation occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

72. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

74. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

75. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice at their time of hire, let alone a wage notice that accurately contained all of the criteria that the NYLL requires.

76. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

77. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

   i. Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP;

   j. Pre-judgment and post-judgment interest, as provided by law; and

   k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    March 15, 2021

           Respectfully submitted,

           BORRELLI & ASSOCIATES, P.L.L.C.
           *Attorneys for Plaintiff*
           655 Third Avenue, Suite 1821
           New York, New York 10017
           Tel. (212) 679-5000
           Fax. (212) 679-5005

           _____
           MICHAEL R. MINKOFF ESQ. (MM 4787)
           ALEXANDER T. COLEMAN, ESQ. (AC 8151)
           MICHAEL J. BORRELLI, ESQ. (MB 8533)